
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| Raymond Wayne Link | ] | |
| :--- | :--- | :--- |
| Plaintiff | ] | |
| | ] | Case#: 3:24-CV-328 |
| v. | ] | |
| | ] | **JURY DEMANDED** |
| Equifax Information Services, LLC | ] | |
| Experian Information Solutions, Inc. | ] | |
| Virginia Credit Union | ] | |
| Defendants | ] | |

## COMPLAINT

Mr. Link, by counsel, files this complaint against the above referenced Defendants for their violation of the Fair Credit Reporting Act.

## PRELIMINARY STATEMENT

1.   This is an action by a consumer seeking actual damages, statutory damages, and punitive damages, attorney fees and costs and for declaratory relief for defendants violation of The Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 *et seq.*

Jason M. Krumbein, Esq. VSB#43538
Counsel for Dominique Walden
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

## JURISDICTION, VENUE and JURY DEMAND

2. This court has jurisdiction, 28 U.S.C. §1331, and pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681p.

3. This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the Commonwealth of Virginia.

4. The court has personal jurisdiction over the defendants because they regularly transact business here, and caused tortious damages, such that they should expect to be hailed into court here.

5. **TRIAL BY JURY IS DEMANDED.**

## PARTIES

6. Plaintiff is a natural person.

7. Plaintiff is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a(b) and (c).

8. Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

9. Upon information and belief, Equifax is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Equifax is regularly

Jason M. Krumbein, Esq. VSB#43538
Counsel for Dominique Walden
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

10. Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio Corporation registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

11. Upon information and belief, Experian is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p). Upon information and belief, Experian is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

a. Public record information;

b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

12. Virginia Credit Union (hereinafter "VACU") is a Credit Union.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Dominique Walden
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

13. Upon information and belief VACU is a furnisher of information to Equifax, and Experian.

14. VACU will be referred to as "The Furnisher Defendant".

## FACTS

15. Plaintiff filed a Bankruptcy in the Eastern District of Virginia, Richmond Division on June 29, 2021, case number 21-32046-KLP, discharged on October 4, 2021.

16. VACU was a listed, scheduled creditor in the Bankruptcy. VACU got electronic notice of the discharge.

17. None the less, VACU reported to each of the credit bureaus that 2 accounts were outstanding, and not discharged in Bankruptcy.

18. Equifax, and Experian knew or should have known that false information from creditors could be reported after a Bankruptcy because of the settlements they each signed in the *White-Acosta* cases in the Central District of California, in which they agreed that they would update all creditors to show discharged in Bankruptcy after a Chapter 7 bankruptcy.

19. Plaintiff then attempted to move, and purchase a new home. As he was attempting to obtain financing for his new home the finance companies noticed that there were 2 debts showing in default at each of the credit bureaus that should have been discharged in Bankruptcy.

20. Plaintiff then disputed each account to each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian, in October 2023, and again in November 2023. and may have disputed prior to that.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Dominique Walden
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

21. On information and belief, each of the three national consumer credit reporting agencies, Equifax, TransUnion and Experian, communicated with VACU, and forwarded all relevant information.

22. On information and belief, upon receipt of the dispute from Equifax, and Experian, VACU, verified that the money was owed.

23. On information and belief, Equifax conducted no investigation of their own, and parroted the information provided by VACU.

24. On information and belief, Experian conducted no investigation of their own, and parroted the information provided by VACU.

25. On information and belief, VACU failed to conduct a reasonable investigation into the accounts that had been discharged in Bankruptcy.

26. On information and belief, Equifax failed to have a procedure to assure maximum possible accuracy by allowing an account that was the discharged in Bankruptcy to remain showing due and owing on the credit file of the plaintiff.

27. On information and belief, Experian failed to have a procedure to assure maximum possible accuracy by allowing an account that was the discharged in Bankruptcy to remain showing due and owing on the credit file of the plaintiff.

28. Plaintiff has disputed to each of the three national consumer credit reporting agencies, Equifax, Trans Union and Experian, explaining that Furnisher Defendants had failed to show that the account was included and discharged in Bankruptcy.

29. On information and belief, VACU failed to consider all relevant information provided by the consumer and consumer reporting agencies, because if they

Jason M. Krumbein, Esq. VSB#43538
Counsel for Dominique Walden
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

had been reviewing the documents, they would have known that the account was discharged in Bankruptcy.

30. On information and belief, VACU have failed to modify or delete the false information as, if they had done so, they would have updated the false information to show that the account was Discharged in Bankruptcy.

31. As a result of the actions and inactions of the defendants, the plaintiff suffered damages, including *but not limited to* mental and emotional distress, and being denied credit.

## COUNT ONE:
## CLAIM FOR RELIEF AS TO VACU
## 15 U.S.C. §1681s-2[b]

32. Plaintiff restates and re-alleges all previous paragraphs herein.

33. Defendants have violated 15 U.S.C. §1681s-2[b][1][A] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in plaintiff's credit file.

34. Defendants have violated 15 U.S.C. §1681s-2[b][1][B] in that they failed to review all relevant information provided by Equifax, TransUnion or Experian.

35. Defendants have violated 15 U.S.C. §1681s-2[b][1][E] in that they failed to delete information that was inaccurate or could not be verified.

36. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Dominique Walden
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

37. Defendants have done so either negligently or willfully.

38. Plaintiff is entitled to actual damages,, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681n.

39. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681o.

## COUNT TWO
CLAIM FOR RELIEF As to Equifax, and Experian.
15 U.S.C. §1681e[b]

40. Plaintiff restates and realleges all previous paragraphs herein.

41. Defendants have violated 15 U.S.C. §1681e[b] in that they failed to maintain a procedure to assure maximum possible accuracy.

42. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation and resulting in credit damages to plaintiff.

43. Defendants have done so either negligently or willfully.

44. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1681o.

45. Plaintiff is entitled to actual damages, attorney fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT THREE
CLAIM FOR RELIEF As to Equifax, and Experian.
15 U.S.C. §1681i[a]

46. Plaintiff restates and realleges all previous paragraphs herein.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Dominique Walden
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

47. Defendants have violated 15 U.S.C. §1681i[a][1] in that they failed to conduct a reasonable reinvestigation of the factual inaccuracies contained in the plaintiff's credit file.

48. Defendants have violated 15 U.S.C. §1681i[a][2] in that they failed to forward all relevant information to the furnisher of the information.

49. Defendants have violated 15 U.S.C. §1681i[a][4] in that they failed to consider all relevant information provided by the consumer.

50. Defendants have violated 15 U.S.C. §1681i[a][5] in that they failed to delete information that was inaccurate or could not be verified.

51. Defendants have violated 15 U.S.C. §1681i[a][5][C] in that they failed to a procedure to prevent the occurrence of false, inaccurate, or unverifiable information.

52. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation and resulting in credit damages to plaintiff.

53. Defendants have done so either negligently or willfully.

54. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs, pursuant to 15 U.S.C. §1681o.

55. Plaintiff is entitled to actual damages, attorney fees and costs, pursuant to 15 U.S.C. §1681n.

**WHEREFORE**, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact.

Jason M. Krumbein, Esq. VSB#43538
Counsel for Dominique Walden
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)

**Raymond Link**

<u>/s/ Jason M. Krumbein, Esq.</u>
Jason M. Krumbein, Esq. VSB#43538
JKrumbein@KrumbeinLaw.com (e-mail)
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)

Jason M. Krumbein, Esq. VSB#43538
Counsel for Dominique Walden
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
804.592.0792
804.823.2565 (fax)
JKrumbein@KrumbeinLaw.com (e-mail)