**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **RAYMOND WAYNE LINK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 3:24-cv-00328 |
| ) | |
| **EQUIFAX INFORMATION SERVICES,** ) | |
| **LLC,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**VIRGINIA FEDERAL CREDIT UNION'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Virginia Federal Credit Union ("VFCU")[1], by counsel, for its Answer and Affirmative Defenses to the Complaint of Plaintiff Raymon Wayne Link ("Plaintiff"), states as follows:

**PRELIMINARY STATEMENT**

1.  In response to the allegations in Complaint paragraph 1, VFCU admits only that Plaintiff has attempted to state claims for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a, *et seq*. Any remaining allegations in this paragraph are denied.

**JURISDICTION, VENUE, JURY DEMAND**

2.  The allegations in Complaint paragraph 2 constitute legal conclusions requiring no further response from VFCU.

3.  The allegations in Complaint paragraph 3 constitute legal conclusions requiring no further response from VFCU.

---

[1] Effective July 1, 2024, following preliminary approval of its application for a federal charter, VFCU, Inc. changed its name to Virginia Federal Credit Union.

4. The allegations in Complaint paragraph 4 constitute legal conclusions requiring no further response from VFCU.

5. In response to Complaint paragraph 5, VFCU admits only that Plaintiff has demanded a jury trial.

## PARTIES

6. VFCU admits the allegations in Complaint paragraph 6.

7. VFCU admits the allegations in Complaint paragraph 7.

8. VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 8; therefore, they are denied.

9. VFCU admits the allegations in Complaint paragraph 9.

10. VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 10; therefore, they are denied.

11. VFCU admits the allegations in Complaint paragraph 11.

12. VFCU admits the allegations in Complaint paragraph 12.

13. VFCU admits the allegations in Complaint paragraph 13.

14. In response to Complaint paragraph 14, VFCU admits only that Plaintiff refers to VFCU as "The Furnisher Defendant."

## FACTS

15. VFCU admits the allegations in Complaint paragraph 15.

16. VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 16; therefore, they are denied.

17. VFCU denies the allegations in Complaint paragraph 17.

18. VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 18; therefore, they are denied.

19. VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 19; therefore, they are denied.

20. VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 20; therefore, they are denied.

21. VFCU denies the allegations in Complaint paragraph 21.

22. In response to the allegations in Complaint paragraph 22, VFCU denies that it ever received any Automated Credit Dispute Verifications ("ACDVs") or other dispute communications from either Equifax or Experian concerning the credit dispute described in Complaint paragraph 22. Any remaining allegations are denied.

23. VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 23; therefore, they are denied.

24. VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 24; therefore, they are denied.

25. VFCU denies the allegations in Complaint paragraph 25.

26. VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 26; therefore, they are denied.

27. VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 27; therefore, they are denied.

28. VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 28; therefore, they are denied.

29. VFCU denies the allegations in Complaint paragraph 29.

30. VFCU denies the allegations in Complaint paragraph 30.

31. VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 31; therefore, they are denied.

## COUNT ONE:
## CLAIM FOR RELIEF AS TO VFCU
## 15 U.S.C. §1681s-2(b)

32. In response to the allegations in Complaint paragraph 32, VFCU hereby repeats and realleges each response to the allegations contained in Complaint paragraphs 1 through 31 as if fully set forth herein.

33. VFCU denies the allegations in Complaint paragraph 33.

34. VFCU denies the allegations in Complaint paragraph 34.

35. VFCU denies the allegations in Complaint paragraph 35.

36. VFCU denies the allegations in Complaint paragraph 36.

37. VFCU denies the allegations in Complaint paragraph 37.

38. VFCU denies the allegations in Complaint paragraph 38.

39. VFCU denies the allegations in Complaint paragraph 39.

## COUNT TWO:
## CLAIM FOR RELIEF AS TO EQUIFAX AND EXPERIAN
## 15 U.S.C. §1681e(b)

40. In response to the allegations in Complaint paragraph 40, VFCU hereby repeats and realleges each response to the allegations contained in Complaint paragraphs 1 through 39 as if fully set forth herein.

41. The allegations in Complaint paragraph 41 are not addressed to VFCU and require no response from VFCU. To the extent that a response is required, VFCU has

insufficient information to either admit or deny the allegations in Complaint paragraph 41; therefore, they are denied.

42. The allegations in Complaint paragraph 42 are not addressed to VFCU and require no response from VFCU. To the extent that a response is required, VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 42; therefore, they are denied.

43. The allegations in Complaint paragraph 43 are not addressed to VFCU and require no response from VFCU. To the extent that a response is required, VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 43; therefore, they are denied.

44. The allegations in Complaint paragraph 44 are not addressed to VFCU and require no response from VFCU. To the extent that a response is required, VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 44; therefore, they are denied.

45. The allegations in Complaint paragraph 45 are not addressed to VFCU and require no response from VFCU. To the extent that a response is required, VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 45; therefore, they are denied.

**COUNT THREE:**
**CLAIM FOR RELIEF AS TO EQUIFAX AND EXPERIAN**
**15 U.S.C. §1681i(a)**

46. In response to the allegations in Complaint paragraph 46, VFCU hereby repeats and realleges each response to the allegations contained in Complaint paragraphs 1 through 45 as if fully set forth herein.

47. The allegations in Complaint paragraph 47 are not addressed to VFCU and require no response from VFCU. To the extent that a response is required, VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 47; therefore, they are denied.

48. In response to the allegations in Complaint paragraph 48, VFCU admits that neither Equifax nor Experian delivered any Automated Credit Dispute Verifications ("ACDVs") or other dispute communications to VFCU concerning the credit dispute described in Complaint paragraph 48. The remaining allegations constitute legal conclusions to which no response is required.

49. The allegations in Complaint paragraph 49 are not addressed to VFCU and require no response from VFCU. To the extent that a response is required, VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 49; therefore, they are denied.

50. The allegations in Complaint paragraph 50 are not addressed to VFCU and require no response from VFCU. To the extent that a response is required, VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 50; therefore, they are denied.

51. The allegations in Complaint paragraph 51 are not addressed to VFCU and require no response from VFCU. To the extent that a response is required, VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 51; therefore, they are denied.

52. The allegations in Complaint paragraph 52 are not addressed to VFCU and require no response from VFCU. To the extent that a response is required, VFCU has

insufficient information to either admit or deny the allegations in Complaint paragraph 52; therefore, they are denied.

53.     The allegations in Complaint paragraph 53 are not addressed to VFCU and require no response from VFCU.  To the extent that a response is required, VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 53; therefore, they are denied.

54.     The allegations in Complaint paragraph 54 are not addressed to VFCU and require no response from VFCU.  To the extent that a response is required, VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 54; therefore, they are denied.

55.     The allegations in Complaint paragraph 55 are not addressed to VFCU and require no response from VFCU.  To the extent that a response is required, VFCU has insufficient information to either admit or deny the allegations in Complaint paragraph 55; therefore, they are denied.

56.     VFCU denies any allegation in the Complaint not specifically admitted in the foregoing Answer.

57.     VFCU denies that it is indebted to Plaintiff for the reasons alleged in the Complaint or for any other reason.

58.     VFCU denies that Plaintiff is entitled to the relief sought in the Complaint or to any relief from VFCU whatsoever.

59.     VFCU reserves the right to alter, enlarge, modify, or amend its Answer at any time prior to the entry of a final order in this matter.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

VFCU affirmatively states that Plaintiff has failed to allege facts entitling him to damages (actual, statutory, or punitive) and/or costs and reasonable attorney's fees awardable under the FCRA against VFCU.

**Second Affirmative Defense**

VFCU affirmatively states that Plaintiff's claims against VFCU are barred in whole or in part by Plaintiff's failure to take proper and reasonable steps to avoid and/or mitigate any damages.

**Third Affirmative Defense**

VFCU did not commit any intentional, willful, or malicious acts.

**Fourth Affirmative Defense**

VFCU affirmatively states that it is not liable to Plaintiff to the extent that any of him purported damages result from the actions or omissions of Plaintiff and/or third persons over whom VFCU has no control or responsibility.

**Fifth Affirmative Defense**

VFCU reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Virginia Federal Credit Union, by counsel, respectfully requests that the Court dismiss the Complaint and award it any further relief to which it is justly entitled.

Dated: July 10, 2024

Respectfully submitted,

**VIRGINIA FEDERAL CREDIT UNION**

By: /s/ J.P. McGuire Boyd, Jr.
J.P. McGuire Boyd, Jr. (VSB No. 72753)
WILLIAMS MULLEN
200 South 10th Street. Suite 1600
Richmond, VA  23218-1320
Facsimile:  804.420.6507
Telephone: 804.420.6927
Email: mboyd@williamsmullen.com
*Counsel for Virginia Federal Credit Union*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and caused a true copy of the filing to be sent to:

Jason Meyer Krumbein, Esq.
KRUMBEIN CONSUMER LEGAL SERVICES INC.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
Telephone: 804-592-0792
Email: jkrumbein@krumbeinlaw.com
*Counsel for Plaintiff*

John Willard Montgomery, Jr., Esq.
TRAYLOR MONTGOMERY & ELLIOTT PC
130 E Wythe St
Petersburg, VA 23803
Telephone: 804-861-1122
Email: jmontgomery@tmande.com
*Counsel Equifax Information Services, LLC*

David Neal Anthony, Esq.
TROUTMAN SANDERS LLP (RICHMOND)
1001 Haxall Point, Suite 1500
Richmond, VA 23219
Telephone: 804-697-5410
Email: david.anthony@troutmansanders.com
*Counsel for Experian Information Solutions, Inc.*

By: /s/ J.P. McGuire Boyd, Jr.

105719496.1